IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MOONRISE ROPA USADA, INC. § | | |
| (6501 S. 28th St.) § | | |
| § | Civil Action No. _____ | |
| v. § | | |
| § | | |
| ASSURANCE COMPANY OF § | JURY | |
| AMERICA § | | |

**DEFENDANT'S**
**NOTICE OF REMOVAL**

1. Defendant Assurance Company of America ("Defendant") respectfully files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

**I.**

**PROCEDURAL BACKGROUND**

2. On January 26, 2015, Plaintiff Moonrise Ropa USADA, Inc. (6501 S. 28th St.) ("Plaintiff") filed its Original Petition and initiated an action identifying Assurance Company of America as Defendant in Cause No. CL-15-0238-G in the County Court at Law No. 7 of Hidalgo County, Texas (the "State Court Action").[1]

3. Plaintiff served Defendant Assurance Company of America with its Original Petition on February 2, 2015, via certified mail directed to the Defendant's registered agent for service of process, Corporation Service Company.[2]

4. Assurance Company of America filed its Answer and General Denial on February 23, 2015.[3]

---

[1] Exhibit C-1 — Plaintiff's Original Petition in Cause No. CL-15-0238-G.
[2] Exhibit C-1 – Plaintiff's Original Petition with the Notice of Service of Process on Assurance Company of America.

5.     After receiving Plaintiff's Original Petition, Defendant Assurance Company of America timely filed a Notice of Removal in the State Court Action on March 4, 2015. The Original Petition which serves as a basis for this removal was received on February 2, 2015; therefore, Assurance Company of America removed the lawsuit well within the thirty day guidelines of the removal statute.[4]

## II.
## NATURE OF THE SUIT

6.     Plaintiff's Original Petition alleges Plaintiff is a named insured under an Assurance Company of America insurance policy and it sustained covered losses from damage caused by a wind/hail storm.[5] Plaintiff alleges covered damages to include the cost of repairs, restoration of the business, lost business income and other extra expenses associated with the damage. Plaintiff contends that after Assurance Company of America inspected Plaintiff's property, Assurance Company of America "denied, delayed and failed to pay and properly investigate" the loss, and acted in bad faith in violation of the Texas Insurance Code.[6]

7.     Plaintiff has alleged multiple causes of action against Defendant, but has specifically limited the case to only breach of contract and Chapter 542 violations at this time.[7]

## III.
## BASIS FOR REMOVAL

8.     This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant Assurance Company of America pursuant to 28 U.S.C. §

---

[3] Exhibit C-2 – Defendant Assurance Company of America's Answer and General Denial.
[4] 28 U.S.C. § 1446(b).
[5] Exhibit C-1 – Plaintiff's Original Petition.
[6] *Id.*
[7] *Id.*

1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.      Diversity Jurisdiction**

9.      Plaintiff was, at the time this action was commenced, and still is a corporation of the State of Texas.[8]

10.     Defendant Assurance Company of America was, at the time this action was commenced, and still is a corporation incorporated under the laws of New York whose principal place of business is Illinois.

**B.      Amount in Controversy**

11.     In violation of Texas Rules of Civil Procedure Rule 47, Plaintiff's Original Petition is silent as to the amount of actual damages it seeks in this action.[9]  This is an insurance case for breach of contract and Chapter 542 Texas Insurance Code violations in which Plaintiff seeks actual damages, attorney's fees and Chapter 542 penalties.[10]  Plaintiff's Original Petition specifically seeks "actual, additional, exemplary, as well as all other damages and penalties at law, including loss of the use, damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated" with the storm damage.[11]

12.     The amount in controversy here exceeds $75,000.  When a plaintiff's pleadings do not allege a specific amount of damages, the removing defendant must only prove by a

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

preponderance of the evidence that the amount in controversy exceeds $75,000.[12] The Plaintiff has sued for all available damages for alleged breach of contract and breach of Chapter 542 Texas Insurance Code. Plaintiff seeks actual and additional damages, as well as exemplary damages. In addition, all of these specific causes of action by statute provide for the award of attorneys' fees as a measure of damages to the prevailing plaintiff.[13] Where attorneys' fees are provided for by statute as a measure of damages under the statute creating the cause of action, the attorneys' fees are properly considered by the Court in assessing the amount in controversy. In addition, the Texas Insurance Code provides for an award of 18% interest in a case alleging, as here, that an insurer has failed to adequately investigate and pay a claim or has failed to pay the claim timely. Such statutory damages imposed under Texas law for failure to pay insurance claims in a timely matter are to be included in calculating the amount in controversy.[14] Given the nature of the Plaintiff's claims, the alleged damages in this action, when aggregated, clearly exceed $75,000.[15]

---

[12] See *DeAguilar and Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).

[13] See, e.g., *Grant v. Chevron Phillips Chem Co.,* 309 F.3d 864, 874 (5th Cir. 2002) (holding that where plaintiff can recover attorneys' fees for a breach of contract claim, the potential fee recovery may be considered toward the amount in controversy; and *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages).

[14] See *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (although described in terms of per annum percentage for calculation purposes, statutory exaction of interest penalty under a statute is an element of damages, not "interest", for purposes of determining amount in controversy under the diversity jurisdiction statute).

[15] See *Chittick,* 844 F. Supp. at 1155-56.

## IV.

## **REMOVAL IS PROCEDURALLY CORRECT**

13.     Venue is proper in this district under 28 U.S.C. § 1446 (a) because this district and division embrace the place in which the removed action was pending, i.e., Hidalgo County, Texas, and because Plaintiff alleges that a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.[16]

14.     Pursuant to 28 U.S.C. § 1446(a), Assurance Company of America has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and the docket sheet in the State Court Action as identified on the Index of Matters Being Filed.[17]

15.     Pursuant to 28 U.S.C. § 1446(d), Assurance Company of America will notify the clerk of the court in the State Court Action of this removal, and will give notice thereof to all adverse parties.

## V.

## **CONCLUSION**

16.     The basis for this removal and this Court's jurisdiction is diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is a citizen of Texas. Assurance Company of America is a citizen of Illinois. The amount in controversy, based on the allegations in Plaintiff's Original Petition and the evidence tendered by Assurance Company of America exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, Assurance Company of America hereby removes the referenced State Court Action to this Court.

---

[16] Exhibit C-1.
[17] Exhibit A – Index of Matters Being Filed.

WHEREFORE, Defendant Assurance Company of America respectfully requests that the above-entitled action be removed from the County Court at Law No. 7 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

>Respectfully submitted,
>
>MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
>
>By: */s/ Christopher W. Martin*
>　　　Christopher W. Martin
>　　　E-Mail: martin@mdjwlaw.com
>　　　State Bar No.: 13057620
>
>808 Travis Street, 20th Floor
>Houston, Texas 77002
>Telephone:  (713) 632-1700
>Facsimile:　 (713) 222-0101
>
>**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2015 a true copy of this document was electronically filed and that the counsel of record noted below was designated as counsel to receive electronic service of all instruments filed herein.

| | |
|---|---|
| Douglas E. Pennebaker | Willie McAllen |
| Pennebaker Law Firm | Jose G. Gonzalez |
| 200 Concord Plaza Drive, Suite 750 | Law Offices of McAllen-Gonzalez |
| San Antonio, Texas 78216 | 2102 W. University Dr. |
| Email: Doug@pennebakerlaw.com | Edinburg, Texas  78539 |
| *Attorneys for Plaintiff* | Email:  williemcallenlaw@gmail.com |
| | *Attorneys for Plaintiff* |

>　　　*/s/ Christopher W. Martin*
>　　　Christopher W. Martin